**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ASOCIACIÓN DE DETALLISTAS DE GASOLINA DE PUERTO RICO, INC., et al., | |
| Plaintiffs, | |
| v. | Civil No.: 14-1094 (DRD) |
| COMMONWEALTH OF PUERTO RICO, et al., | |
| Defendants. | |

## OPINION AND ORDER

On January 30, 2014, Plaintiffs Asociación de Detallistas de Gasolina de Puerto Rico, Ricardo Román, Fairview Service Station Inc., and Miguel A. Rivera-Robles (collectively, "Plaintiffs") filed suit against the Commonwealth of Puerto Rico, Governor Alejandro Garcia Padilla, Margarita Mercado, and Nery E. Adames (collectively, "Defendants") requesting an injunction enjoining Defendants from enforcing Puerto Rico Law 150-2008, as amended by Law 152-2013. Plaintiffs aver that Puerto Rico Law 150-2008, as amended by Law 152-2013, is unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment and preempted by federal law.

## I.   FACTUAL AND PROCEDURAL HISTORY

On August 4, 2008, Puerto Rico's Legislative Assembly ratified Law 150-2008 (Docket No. 10-1) titled "Law That Prohibits Additional Charges for Use of Credit Card." The Legislative Assembly's purpose in enacting Law 150-2008 was "to establish the prohibition to the surcharge that is imposed in the sales or lease transactions on those consumers who elect to use a credit card, instead of cash, check or any other method of similar payment...." Id. at 1. However, Article 2 of Law 150-2008 explicitly permitted merchants to offer discounts for the purposes of promoting payment in cash or check, provided that said discounts were offered equally to all potential consumers.

On December 13, 2013, the Puerto Rico legislature amended Law 150-2008 by passing Law 152-2013. *See* Docket No. 10-3. In so doing, the Legislative Assembly repealed Articles 1 and 2 of Law 150-2008, effectively eliminating any language regarding the offering of cash discounts to consumers. The *Statement of Purpose* contained within the text of Law 152-2013 explains that the Legislative Assembly was highly concerned as to the pricing disparity created by Law 150-2008 for the same good or service. The Assembly emphasized that it had a duty to protect the consumer and would do so through deregulation. Nevertheless, the actual language of the statute does not specifically eliminate the offering of cash discounts to consumers, as the

2

law only specifically prohibits merchants from imposing "an additional charge ... on that consumer who chooses to use a valid payment method in the Commonwealth of Puerto Rico...." Id. at 2. Thus, the statute clearly prohibits the imposition of surcharges on the use of debit or credit cards, but remains silent as to whether merchants may offer, without imposing any surcharges to other consumers, discounts for paying by cash or check.

Following the amendments made to Law 150-2008, the Department of Consumers Affairs (hereinafter, "DACO" for its Spanish acronym) issued Administrative Order 2014-002 (Docket No. 10-2) requiring gasoline retailers to refrain from offering discounts to consumers paying in cash. Merchants who violate said order are subject to a potential fine of up to five hundred ($500) dollars or up to six (6) months in prison.

Accordingly, on January 30, 2014, Plaintiffs, a group of gasoline retailers represented by the "Asociación de Detallistas de Puerto Rico," filed a *Verified Complaint* (Docket No. 1) challenging the DACO order and the constitutionality of Law 150-2008, as amended by Law 152-2013.

On February 27, 2014, Defendants filed a *Motion to Dismiss* (Docket No. 14) contending that Law 152-2013 is not preempted by federal law, as Congress' intent in ratifying the Dodd Frank Wall Street Reform and Consumer Protection Act of 2010 and its

3

"Durbin Amendment" was to regulate the relationship between retailers and payment networks, not the State. Further, Defendants aver that Law 152-2013 is not unconstitutionally vague, as DACO undeniably determined that said law eliminated cash discounts. Nevertheless, Defendants emphasize that the Court should abstain, under Texas v. Pullman, 312 U.S. 496 (1941), from entertaining Plaintiffs' vagueness claims, as abstention is required when state law is uncertain and a state court's interpretation of said law would make a federal court's constitutional ruling gratuitous and/or unnecessary.

On March 14, 2014, Plaintiffs filed their *Opposition to Motion to Dismiss* (Docket No. 16) arguing, *inter alias*, that nowhere in Law 152-2013 does the statute prohibit the offering of discounts to consumers who pay in cash. Thus, its vagueness claims must survive as the "very essence of any vagueness claim is the fact that the statute in question is unclear as to what it permits or prohibits...." Docket No. 16, at 10. Additionally, Plaintiffs object to the applicability of the Pullman abstention doctrine to the case at bar. Specifically, Plaintiffs aver that DACO has already interpreted Law 152-2013 and that, as such, there is no need for further state court interpretation. Lastly, Plaintiffs assert that Pullman abstention is inapplicable as there is no ambiguity in the contested statute.

4

On April 2, 2014, Defendants filed a *Reply to Opposition to Motion to Dismiss* (Docket No. 20) urging the Court to abstain under both <u>Pullman</u> and <u>Burford</u>. Defendants argue that <u>Pullman</u> abstention applies inasmuch as Plaintiffs are challenging the constitutionality of a Puerto Rico law that has yet to be interpreted by the state tribunals. Lastly, Defendants claim that <u>Burford</u>[1] abstention, which serves as a "bar to federal courts to enter into issues that involve a special aspect of complicated regulatory systems of local law," also applies, as the regulation in dispute involves nothing more than the inherent powers of DACO, an administrative agency protecting local consumers, to regulate unjustified pricing practices. *See* Docket No. 20, at 8.

On April 16, 2014, Plaintiffs filed their *Sur-Reply* (Docket No. 23) stressing that <u>Burford</u> abstention is inapplicable, as Law 152-2013 does not deal exclusively with a highly regulated market, i.e., the gasoline industry. According to Plaintiffs, if Law 152-2013 only applies to the gasoline industry then a myriad of other constitutional issues would arise.

## II.  ANALYSIS

In seeking dismissal of the complaint, Defendants argue that the Court should abstain from entertaining Plaintiffs' claims under both <u>Pullman</u> and <u>Burford</u>. Thus, the Court will

---

[1] <u>Burford v. Sun Oil Company</u>, 319 U.S. 315 (1943).

analyze each of Defendants' abstention arguments in turn, withholding judgment on Defendants' other arguments as to why the instant matter should be dismissed.

### A. *Pullman Abstention*

The primary purpose of the <u>Pullman</u> abstention doctrine is to "avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues." <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 79 (1997). Thus, federal courts should avoid constitutional determinations of state law by allowing a state to construe the constitutionality of its own law. <u>Texas v. Pullman</u>, 312 U.S. 496 (1941). As such, "the federal courts, 'exercising a wise discretion,' restrain their authority because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary." <u>Id.</u> at 501.

Under <u>Pullman</u>, "when a federal constitutional claim is premised on an **unsettled question of state law**, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state law question and thus avoid the possibility of unnecessarily deciding a [federal] constitutional question." <u>Harris County Comm'rs Court v. Moore</u>, 420 U.S. 77, 83 (1975)**(emphasis ours)**. "When a federal court is asked to invalidate a State's law . . . the federal tribunal risks friction generating error when it endeavors to construe a

novel state Act not yet reviewed by the State's highest court." Arizonans for Official English, 520 U.S. at 79 (1997). Additionally, "abstention also promotes the principles of comity and federalism by avoiding needless federal intervention into local affairs." Ford Motor Co. v. Meredith Motor Co., 257 F.3d 67, 71 (1st Cir. 2001)(citing Pustell v. Lynn Pub. Schs., 18 F.3d 50, 53 (1st Cir. 1994)).

In Casiano-Montañez v. State Insurance Fund Corp., 707 F.3d 124, 128-29 (1st Cir. 2013), the First Circuit reiterated that, "under Pullman, federal courts should abstain when '(1) substantial uncertainty exists over the meaning of the state law in question, and (2) settling question of state law will or may well obviate the need to resolve a significant federal constitutional question.'" Id. (quoting Batterman v. Leahy, 544 F.3d 370, 373 (1st Cir. 2008); see Bellotti v. Baird, 428 U.S. 132, 146-47 (1976)(Abstention is the appropriate remedy if the state statute "is susceptible of a construction by the state judiciary 'which might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem.'")(quoting Harrison v. NAACP, 360 U.S. 167, 177 (1959)).  Thus, a federal district court is required to abstain if the state's law is "fairly subject to an interpretation which will render unnecessary" the adjudication of a federal constitutional issue.  Harman v. Forssenius, 380

U.S. 528, 534-35 (1965); *see* Erwin Chemerinsky, <u>Federal</u> <u>Jurisdiction</u> § 12.2, at 819 (6th ed. 2012)(In order for <u>Pullman</u> abstention to apply, "it must be shown that the state law is fairly subject to an interpretation that could render a federal constitutional decision unnecessary.").

Applying these principles to Plaintiffs' preemption and Fourteenth Amendment due process claims, the Court finds that <u>Pullman</u> abstention is warranted. We explain.

Plaintiffs are challenging the constitutionality of Law 152-2013 on the basis that it is both unconstitutionally vague and preempted by federal law. They argue that Law 150-2008, as amended by Law 152-2013, does not provide guidance as to what gasoline retailers are permitted to do with regards to cash discounts, as the provision specifically authorizing cash discounts was eliminated when the law was amended in 2013. Article 2 of Law 150-2008 provided that: "Merchants may, however, offer discounts for the purpose of promoting payment in cash, check or any other similar method not involving the use of a credit card, provided said discount is offered to all potential buyers." However, when Law 150-2008 was amended in 2013, the Puerto Rico legislature repealed both Articles 1 and 2, eliminating the provision regarding discounts for purchases made in cash or check.

The ambiguity in the amendment stems from the fact that the Puerto Rico legislature at first specifically allowed merchants to offer cash discounts to its consumers but then repealed said provision without elaborating whether cash discounts would now be prohibited.   However, the Legislative Assembly was not entirely clear as to its intent regarding the offering of cash discounts in repealing Article 2, as it articulated in Law 152-2013's *Statement of Purpose* that their goal was to correct pricing disparity but also "to protect the weakest party in a commercial transaction, the consumer."   Docket No. 10-3, at 2. In other words, the legislature wanted to protect the consumer by eliminating pricing disparities, while at the same time making goods and services more expensive for consumers who opt to pay in cash.

While it seems to the Court, viewing the statute through the lens of a local trial judge, that the Puerto Rico legislature's motive in amending Law 150-2008 was to prohibit discounts to consumers paying in cash, said determination must be subject to the interpretation of the state courts, as a federal judge should be hard-pressed to trailblaze undetermined state law, especially declaring the same unconstitutional. Regardless of the fact that both Law 150-2008 and 152-2013 had provisions prohibiting merchants from imposing surcharges on consumers using credit cards, the legislature did not expressly

provide in its amendment that cash discounts were now prohibited.

Although Plaintiffs now argue that there is no ambiguity in the statute warranting the applicability of Pullman, it nevertheless argues that said law is void for vagueness "since a mere reading of the law reveals that nowhere within its provisions does it impose [a cash discount] prohibition." *See* Docket No. 16, at 20.[2]   Thus, Plaintiffs are essentially contending that the federal district court should invalidate Law 152-2013 for being vague, while at the same time averring that there is no substantial uncertainty over the meaning of the state law at issue. *See* Ford Motor Co., 257 F.3d at 71 (requiring a showing that there is "substantial uncertainty" over the meaning of the state statute in dispute).

Here, the state statute is unclear as to whether gasoline retailers may offer discounts to its consumers who pay in cash, an issue which forms the crux of the dispute between the gasoline retailers and the Commonwealth of Puerto Rico. Moreover, and of critical importance, is the fact that neither party has pointed to an authoritative decision Puerto Rico

---

[2]  The Court emphasizes that Plaintiffs, by arguing that Law 152-2013 is vague but not ambiguous, "can't have their cake and eat it too."

resolving this ambiguity.[3]    Thus, Plaintiffs' federal claims hinge entirely on whether Law 150-2008, as amended in Law 152-2013, is unconstitutionally vague, as there would be no need for this Court to analyze Plaintiffs' preemption claim should the state courts determine that Law 152-2013 is unconstitutional. In other words, the outcome of the state proceeding could moot the federal issue if the Court either finds that cash discounts are not prohibited or that the statute, as amended, is unconstitutionally vague.    Additionally, the Court refuses to trailblaze Puerto Rican law without first according the state forum an opportunity to rule on its applicability and constitutionality.    As the constitutionality of Law 152-2013 is a matter of first impression, the Court finds that "abstention also promotes the principles of comity and federalism by avoiding needless federal intervention into local affairs." Ford Motor Co., 257 F.3d at 71.

Accordingly, the Court finds that Pullman abstention is warranted, as substantial uncertainty exists over the meaning of Law 152-2013 and a state court's interpretation of said law may well obviate the need to resolve a significant federal constitutional question.

---

[3]  Plaintiffs' averment that DACO's interpretation of Law 152-2013 qualifies as authoritative is wholly misguided, as DACO is an administrative agency whose decisions are subject to appeal to Puerto Rico state courts.

### B. *Burford Abstention*

Defendants further aver that abstention under <u>Burford</u> is also warranted.  In <u>Burford</u>, the Court held that "questions of regulation of the industry by the State administrative agency, whether involving gas or oil ... programs ... so clearly involves basic problems of Texas policy that equitable discretion should be exercised to give the Texas courts the first opportunity to consider them." <u>Burford</u>, 319 U.S. at 332.  Although the <u>Burford</u> Court was "concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law...." <u>New Orleans Public Svc., Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 362 (1989)(citing <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 815-16 (1976)).  Additionally, <u>Burford</u> abstention is inapplicable "when the effect of an entire state regulatory scheme is challenged as unconstitutional." <u>Tenoco Oil Co. v. Dept. of Consumer Affairs</u>, 876 F.2d 1013, 1029 n. 23 (1st Cir. 1989).

The Court agrees with Plaintiffs' contentions that <u>Burford</u> abstention does not apply, as Law 152-2013 "is not a state regulation that deals exclusively with the gasoline industry and as such does not deal with a highly regulated market which

defendants rely upon to argue abstention under _Burford_." Docket No. 23, at 7. Although Plaintiffs appropriately aver that the Commonwealth of Puerto Rico, through DACO, has the police power to regulate the gasoline industry,[4] the truth is that the statute in question does not apply exclusively to gasoline retailers, but to all merchants in Puerto Rico.

Accordingly, the Court cannot abstain under _Burford_, as Law 152-2013 does not seek to regulate a specific and complex industry, but rather applies, in equal force, to all commercial establishments in the Commonwealth of Puerto Rico. Lastly, the Court accentuates that _Burford_ abstention does not apply in cases such as the case at bar, where the effects of an entire state's regulatory scheme are being challenged as unconstitutional. Regardless, the Court need not go further.

### III. CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** Defendants' _Motion to Dismiss_ (Docket No. 14). Thus, Plaintiffs' causes of action are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of May, 2014.

s/ Daniel R. Dominguez

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[4] _See_ Puerto Rico Dept. of Consumer Affairs v. Isla Petroleum Corp., 485 U.S. 495 (1988).